# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

| | |
|---|---|
| **JAMES R. GRIFFIN**<br>**ADC #162792** | **PETITIONER** |
| **VS.**    5:17-CV-00158-DPM/JTR | |
| **WENDY KELLEY, Director,**<br>**Arkansas Department of Correction** | **RESPONDENT** |

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, James R. Griffin ("Griffin"). *Doc. 1*. Before addressing Griffin's habeas claims, the Court will review the procedural history of the case in state court.

On January 11, 2016, Griffin appeared, with counsel, in the Circuit Court of Craighead County, Arkansas, and, pursuant to a negotiated plea, pleaded guilty to one count of rape and two counts of sexual assault in the second degree. *State of Arkansas v. James R. Griffin*, Craighead County Circuit Court Case No. CR 2015-0751 ("state criminal case").[1] Griffin was sentenced to an aggregate term of 360 months imprisonment. *Docs. 5-1, 5-2*.

Griffin did not pursue a direct appeal from his convictions.[2] Griffin also did not pursue post-conviction relief under Rule 37 of the Arkansas Rule of Criminal Procedure.[3]

On August 17, 2016, Griffin filed a petition for a writ of error coram nobis in the state criminal case. *Doc. 5-4*. On April 21, 2017, having received no ruling on his pending petition, Griffin filed a petition for a writ of mandamus in the Arkansas Supreme Court. *Doc. 5-5*. On April 28, 2017, the Craighead County Circuit Court entered an Order denying his petition for a writ of error coram nobis, holding that the alleged basis for relief was not cognizable. *Doc. 5-6*.

---

[1] Circuit Judge Victor Hill presided. Respondent advises that this proceeding was recorded, but has not been transcribed. *Doc. 6-4*.

[2] Because he pled guilty, his right to appeal was limited. *See*, *e.g.*, Arkansas Rule of Appellate Procedure – Criminal 1(a) & Arkansas Rule of Criminal Procedure 24.3(b).

[3] The time for Griffin to do so has expired. *See* Arkansas Rule of Criminal Procedure 37.2(c)(i)(2016)(requiring Rule 37 petition to be filed within 90 days of entry of judgment on guilty plea).

On May 18, 2017, Griffin appealed the Craighead County Circuit Court's denial of a writ of error coram nobis to the Arkansas Supreme Court.

On June 8, 2017, Griffin, proceeding *pro se*, initiated this § 2254 action.[4] In his Petition, he alleges three grounds for relief:

> (1) he is actually innocent of rape, as demonstrated by the original police report and investigative statements from all interested parties;
>
> (2) his trial counsel was constitutionally ineffective in failing to discover, from facts readily available in the police file, information helpful to the defense and in failing to challenge the prosecution's version of the facts; and
>
> (3) his rape conviction was obtained in violation of his due process rights because it was obtained through fraud, duress, and mistake on the part of the prosecution team, defense counsel, and the trial court.

On January 18, 2018, the Arkansas Supreme Court held the Griffin's request for an extension of time to file a brief in support of his pending petition for writ of error coram nobis was moot because it was clear from the record that Griffin could not prevail on appeal.[5] In doing so, the Court noted that Griffin could not prevail on appeal because "none of the claims were cognizable in a coram nobis petition." *Exhibit A at 1*.

---

[4] The first page of his habeas Petition indicates that it is a "precautionary filing."

[5] To complete the record in this case, a copy of the Arkansas Supreme Court's January 18, 2018 ruling is attached as Exhibit A to this Recommended Disposition.

Respondent argues that all of Griffin's habeas claims are procedurally defaulted. *Doc. 5*. Griffin has filed a Reply. *Doc. 8*. Thus, the issues are joined and ripe for resolution.

For the reasons discussed below, the Court recommends that the Petition for a Writ of Habeas Corpus be denied, and the case dismissed, with prejudice.

## II. Discussion

A habeas petitioner must "fairly present" his claims in state court before seeking § 2254 relief in federal court. *Murphy v. King*, 652 F.3d 845-848-49 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"); *Perry v. Kemna*, 356 F.3d 880, 886 (8th Cir. 2004) ("To avoid a procedural default, a habeas petitioner must 'present the same facts and legal theories to the state court that he later presents to the federal courts.'"); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997) ("[B]oth the factual grounds and legal theories on which the claim is based must have been presented to the highest state court in order to preserve the claim for federal review.").

By exhausting all available state court remedies, a habeas petitioner gives the State that convicted him an "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam).

When a petitioner fails to fully exhaust his claims in state court and the time for doing so has expired, his claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). When a procedural default occurs, federal habeas review of the claim is barred unless the prisoner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider his claim will result in a "fundamental miscarriage of justice." *Id*. at 750.

Respondent argues that *all* of Griffin's habeas claims are procedurally defaulted because *none* of the claims he now asserts were fully exhausted in state court and the time for doing so has expired. Alternatively, Respondent argues the claims should be denied on the merits. The Court agrees that Griffin's claims are either inexcusably procedurally defaulted or fail on the merits.

Griffin acknowledges that he failed to seek Rule 37 relief, but he contends that his petition for error coram nobis was a "proper vehicle" for challenging his guilty plea because it was obtained "through fear, duress, and threat." While a writ of coram nobis may issue to remedy "a coerced guilty plea," "allegations made in support of error coram nobis that are premised on ineffective-assistance-of-counsel claims are not cognizable in error coram nobis proceedings." *Nelson v. State*, 2014 Ark. 91, *5; s*ee also Friend v. Norris*, 364 Ark. 315, 317, 219 S.W.3d 123 (Ark. 2005) (per curiam) (state habeas corpus challenge to validity of guilty plea should

have been brought in a timely filed Rule 37 petition for post-conviction relief). Additionally, the Arkansas Supreme Court does not accept a petitioner's allegation that his claim involves a coerced guilty plea. Instead, the court "looks to the true nature of a petitioner's claim." *Nelson v. State*, 2014 Ark. 91 at *5 (concluding that Nelson's claim, while couched in terms of a coerced guilty plea, was actually based on alleged ineffective assistance of counsel). Here, the Circuit Court, which rejected Griffin's writ or error coram nobis as being premised solely on "having been ineffectively represented" by his counsel, construed *all* of Griffin's challenges to his plea as rooted in his attorney's alleged errors. *Doc. 5-6*.

On appeal, the Arkansas Supreme Court ruled initially that *none* of Griffin's claims were cognizable. *Exhibit A at p. 1*. This is consistent with the Circuit Court's ruling. However, as to Griffin's claim that his guilty plea was coerced, the Court went on to hold that he failed to meet his burden of presenting evidence in support of that claim. *Exhibit A at p. 3*. To the extent that the Arkansas Supreme Court's ruling *could* be construed as rejecting, on the merits, Griffin's claim that his plea was coerced, the claim is *not* procedurally defaulted and may be addressed on the merits. However, the claim still fails because Griffin has not established either of the two limited circumstances that would permit him to obtain federal habeas relief.[6]

---

[6] By statute, this Court can grant habeas relief as to any claim adjudicated "on the merits in State court proceedings unless the adjudication of the claim[:] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based

Thus, Griffin's argument that he properly asserted that his plea was coerced in his coram nobis petition will not save this claim, which is either procedurally defaulted or fails on the merits.

As to Griffin's procedurally defaulted claims, the Court still may proceed to address the merits of those claims *if* he can demonstrate the "cause and prejudice" or "actual innocence" exceptions to procedural default. *See Washington v. Delo*, 51 F.3d 756, 760 (8th Cir.1995) (cause and prejudice exception generally requires a showing of "some external impediment" that prevented the raising of a habeas claim, and that the "obstacle caused actual prejudice."); *Schlup v. Delo*, 513 U.S. 298, 327, (1995) (actual innocence exception requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."). If a habeas petitioner does not establish cause, there is no need to consider whether he has established prejudice. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995).

Griffin argues that his appeal of the *denial of a petition for a writ of error coram nobis* was "illegally thwarted" in state court. This conclusory assertion fails

---

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Griffin has proven neither.

7

to address or explain why *Griffin did not fairly and properly present his claims* in state court.[7] Accordingly, this bare allegation is insufficient to establish cause.

Griffin also argues that the state court lacked jurisdiction to issue the Judgment and Commitment Order. For cause, Griffin points to Respondent's statement that a recording of the state court change of plea hearing had yet to be located and *might* not be available. *Doc. 5 at 1-2, n. 1*. However, Respondent later advised the Court that a recording of the guilty-plea colloquy had been located and was available. *Doc. 9*. Respondent's initial uncertainty as to the availability of the plea hearing transcript has no bearing on the state court's jurisdiction or Griffin's procedural default.

Griffin's generalized and sweeping allegations fail to establish "cause" to excuse his procedural default.[8] Nor can Griffin's *pro se* status and any unfamiliarity with the law or procedural matters establish the necessary "cause." *See Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988). Because Griffin has not established

---

[7] Because Griffin failed to file a Rule 37 petition, the narrow equitable exception to procedural default recognized in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) does not apply. *See, e.g., Anderson v. Clarke*, 2014 WL 1203032, *5 (E.D. Va. March 24, 2014) ("*Martinez* does not apply when the defendant fails to initiate any state court collateral review proceeding whatsoever"); *Anderson v. Koster*, 2012 WL 1898781, *9 (W.D. Mo. 2012) ("*Martinez* is inapposite because, here, the petitioner himself is at fault for not filing a pro se [postconviction] motion in the first place.").

[8] Cause requires a showing of some objective factor, external to the petitioner's defense and not fairly attributable to him, impeding him from constructing or raising his claims in state court or complying with the state's procedural rules. *Coleman*, 501 U.S. at 753. If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 602 (1991).

cause for his default, there is no reason to address prejudice. *Murphy v. King*, 652 F.3d 845, 850 (8th Cir. 2011).

Griffin also has not demonstrated a miscarriage of justice through actual innocence. Griffin points to the original police report and investigative statements as "evidence" of his innocence, but he fails to explain how such evidence establishes his actual innocence.[9] Nor does he explain how such evidence was "new" and unavailable to him through the exercise of reasonable diligence *before* he pled guilty.

Finally, assuming Griffin intended to assert a free-standing actual innocence claim, that claim also fails. First, the law is unresolved as to whether such a claim is even cognizable. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013). Second, assuming such a claim is cognizable, Griffin's failure to establish actual innocence sufficient to excuse his procedural default means that he also cannot make the "extraordinarily high" showing required to establish a free-standing actual innocence claim. *Dansby v. Hobbs*, 766 F.3d 809, 816 (8th Cir. 2014) (omitting

---

[9] *See Oglesby v. Bowersox*, 592 F.3d 922, 926 (8th Cir. 2010) ("a habeas petitioner [must] present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted") (quoting *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006)); *Embrey v. Hershberger*, 131 F.3d 739, 741 (8th Cir. 1997) ("in noncapital cases the concept of actual innocence is easy to grasp, because it simply means the person didn't commit the crime"); *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011) (habeas petitioner must "come forward not only with new reliable evidence which was not presented at trial, but ... come forward with new reliable evidence which was not available at trial through the exercise of due diligence."); see also *McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997) (noting that the habeas petitioner had not attempted to invoke actual innocence but that "in light of his guilty plea, such an attempt would be unpersuasive").

9

citations and internal quotations) (explaining that free-standing actual innocence claim, if recognized, would require "more convincing proof" that than the "gateway" standard for procedurally defaulted claims).

Thus, Griffin's claims are either inexcusably procedurally defaulted or fail on the merits.[10]

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for a Writ of Habeas Corpus be DENIED and this habeas case be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 27th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[10] Griffin's guilty plea would prevent any merits inquiry into his contention that the State's evidence was insufficient to prove his guilt. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tolett v. Henderson*, 411 U.S. 258, 267 (1973). Accordingly, a habeas challenge to a conviction that results from a guilty plea is limited to the "voluntariness" of the guilty plea and whether the defendant understood the charges and the consequences of the guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). Thus, post-guilty plea, a habeas petitioner "may only present [ineffective assistance of counsel] claims relating to the plea advice" and those claims must relate to the voluntariness of the plea. *See Whitepipe v. Weber*, 536 F. Supp.2d 1070, 1082 (D. S.D. 2007) (omitting citation); see also *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984); *Coleman v. Hobbs*, Case No. 5:10-CV-00248-JMM-JTK, 2012 WL 2870812 (E.D. Ark. June 14, 2012).